FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2006 DEC -7 P 12: 28

Case No.

3:06-cv-1071-J-32HTS

REGINALD E. ROSE, JAMES STEWART, )
VERNON ALEXANDER, JEFFREY MILLER, )
OMAR JONES, Individually and on behalf )
of a Class of All Others Similarly Situated )
)
    Plaintiffs, )
)
vs. )
)
MICHAEL McCRAE, in his official capacity as )
the Warden of the New River Correctional )
Institution, East Unit, and JAMES R. )
McDONOUGH, in his Official Capacity as the )
Secretary, Florida Department of Corrections, )
)
    Defendants. )
)
)
_____ )

## COMPLAINT

## CLASS ACTION

### Introduction

1. Plaintiffs are sincere adherents to the Muslim faith who are in the custody of the Florida Department of Corrections. The Muslim faith holds, as one of its fundamental tenets, that believers must eat Halal foods, i.e. foods that comply with Islamic dietary laws.

2. Plaintiffs seek injunctive relief, on behalf of themselves and on behalf of a class of all Muslim inmates in the custody of the Florida Department of Corrections, requesting that Defendants

provide them and all other similarly situated Muslim prisoners nutritionally-sufficient Halal meals or, in the alternative, Kosher meals.

3. Plaintiffs allege that Defendants' violation of the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 abridge the freedom of religion to which all inmates are entitled by denying Muslim inmates the right to adhere to the tenets of their faith by refusing to provide Halal meals (or, in the alternative, Kosher meals), in accordance with the commands of the Quran, while at the same permitting those with other dietary religious beliefs to adhere to the tenets of their faiths.

4. Plaintiffs further allege that Defendants, contrary to the Equal Protection Clause of the Fourteenth Amendment, provide Jewish inmates with Kosher meals while refusing to provide Muslim inmates with Halal meals or with a Kosher meal.

## Jurisdiction

5. The jurisdiction of this Court is proper under 28 U.S.C. §1331, as this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

6. Plaintiffs' claims for relief are predicated on the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, which authorizes actions to redress the deprivation of freedom of religion by state entities, and upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiffs by the Constitution and laws of the United States.

7. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant

to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

8. Plaintiffs' claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing Plaintiffs in actions brought pursuant to the RLUIPA and 42 U.S.C. § 1983.

9. Venue lies in this district pursuant to 28 U.S.C. § 1391. All but one of the Plaintiffs and Defendant McCrae are located in this district and "a substantial part of the events or omissions giving rise to the claim" occurred in the Middle District of Florida.

10. Plaintiffs seek permanent injunctive relief pursuant to Rule 65. Federal Rules of Civil Procedure.

11. Defendants' programs and activities receive federal financial assistance.

## Parties

12. Plaintiff, Reginald E. Rose, is incarcerated at New River Correctional Institution, Raiford, Union County, Florida. He is a Muslim.

13. Plaintiff, James Stewart, is presently incarcerated at Wakulla Work Camp, Wakulla, Wakulla County, Florida. At all times material and relevant to the exhaustion of his administrative remedies, he was incarcerated at New River Correctional Institution, Raiford, Union County, Florida. He is a Muslim.

14. Plaintiff, Vernon Alexander, is incarcerated at New River Correctional Institution, Raiford, Union County, Florida. He is a Muslim.

15. Plaintiff, Jeffrey Miller, is incarcerated at New River Correctional Institution, Raiford, Union County, Florida. He is a Muslim.

16. Plaintiff, Omar Jones, is incarcerated at New River Correctional Institution, Raiford,

Union County, Florida. He is a Muslim.

17. Defendant, James R. McDonough, is the Secretary of the Florida Department of Corrections (hereinafter "Defendant Secretary"). As such he is responsible for the promulgation and enforcement of policies and procedures generally applicable to all prisons and all prisoners. He is sued in his official capacity.

18. Defendant, Michael McCrae, is the Warden of New River in Raiford, Bradford County, Florida, an institution under the control of the Florida Department of Corrections (hereinafter "Defendant Warden"). As such, he is responsible for the day-to-day operation of New River, including the provision of inmate meals. He is sued in his official capacity.

19. At all times relevant to this action, Defendants were acting under color of state law and their actions constituted state action.

## Exhaustion Of Administrative Remedies

20. Plaintiff Rose filed an Inmate Request to Food Service at New River on March 28, 2004 requesting a Halal diet or in the alternative a Kosher diet. This request was denied. Plaintiff Rose timely filed a Request for Administrative Remedy with the Defendant Warden on April 14, 2004 requesting a Halal diet or in the alternative a Kosher diet. This request was denied. Plaintiff Rose timely filed an Administrative Appeal with the Defendant Secretary on May 2, 2004 requesting a Halal diet or in the alternative a Kosher diet. This appeal was denied. Plaintiff Rose has exhausted his administrative remedies.

21. Plaintiff Stewart filed an Inmate Request to Food Service at New River on April 24, 2005 requesting a Halal diet. This request was denied. Plaintiff Stewart timely filed a Request for Administrative Remedy on May 22, 2005 with the Defendant Warden requesting a Halal diet. This

request was denied. Plaintiff Stewart timely filed an Administrative Appeal with the Defendant Secretary on June 08, 2005 requesting a Halal diet. This appeal was denied. Plaintiff Stewart has exhausted his administrative remedies.

22. Plaintiff Alexander filed an Inmate Request to Food Service at New River on April 24, 2005 requesting a Halal diet. This request was denied. Plaintiff Alexander timely filed a Request for Administrative Remedy on May 14, 2005 with the Defendant Warden requesting a Halal diet. This request was denied. Plaintiff Alexander timely filed an Administrative Appeal with the Defendant Secretary on May 22, 2005 requesting a Halal diet. This appeal was denied. Plaintiff Vernon has exhausted his administrative remedies.

23. Plaintiff Miller filed an Inmate Request to Food Service at New River on April 24, 2005 requesting a Halal diet. This request was denied. Plaintiff Miller timely filed a Request for Administrative Remedy on May 05, 2005 with the Defendant Warden requesting a Halal diet. This request was denied. Plaintiff Miller timely field an Administrative Appeal with the Defendant Secretary on May 19, 2005 requesting a Halal diet. This appeal was denied. Plaintiff Miller has fully exhausted his administrative remedies.

24. Plaintiff Jones filed an Inmate Request to Food Service at New River on April 24, 2005 requesting a Halal diet. This request was denied. Plaintiff Jones timely filed a Request for Administrative Remedy on May 18, 2005 with the Defendant Warden requesting a Halal diet. This request was denied. Plaintiff Jones timely filed an Administrative Appeal with the Defendant Secretary on May 30, 2005 requesting a Halal diet. This appeal was denied. Plaintiff Jones has exhausted his administrative remedies.

## Class Action Allegations

25. This action is brought as a class action, pursuant to the provisions of Rule 23(b)(2) of the Federal Rules of Civil Procedure, for injunctive and declaratory relief on behalf of a class of all persons similarly situated.

26. The class of Plaintiffs consists of all persons who are currently in the custody of the Florida Department of Corrections, or who will come into the custody of the Florida Department of Corrections, who are adherents of the Muslim faith and whose religious beliefs require Halal food as part of their everyday diet.

27. Plaintiffs' class consists of an unknown but potentially large number of inmates so that joinder of all members is impracticable.

28. Controlling issues of law and fact are common to all members of the Plaintiff class in that the infringement on religious practices, as alleged in this Complaint, are common to all Muslim inmates in the custody of the Florida Department of Corrections and are imposed as a matter of policy, pattern, practice and custom.

29. The claims of the individual Plaintiffs are typical of the claims of the members of the Plaintiff class. The named Plaintiffs' freedom of religion, and entitlement to the equal protection of the laws, has been abridged and will be abridged in the future, contrary to the First and Fourteenth Amendments to the Constitution of the United States and the Religious Land Use and Institutionalized Person Act of 2000.

30. Defendants have acted on grounds generally applicable to the Plaintiff class as a whole thereby making appropriate final injunctive and corresponding declaratory relief with respect to the class as a whole.

31. The policy, pattern, practice and custom with respect to the religious rights of the Plaintiff class presents common questions of law and fact which predominate over any questions affecting only individual members of the class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. The named Plaintiffs will fairly and adequately protect the interests of the members of the Plaintiff class.

### Factual Allegations

33. Plaintiffs are sincere adherents of the Muslim faith.

34. In accordance with established Muslim tradition and practice, Plaintiffs sincerely believe that keeping a Halal diet is a fundamental tenet of the Muslim faith and that the primary purpose of observing and keeping a Halal diet is to conform to the divine will of God as expressed in the Holy Quran.

35. The arabic word Halal means lawful. In the Holy Quran, Allah commands Muslims and all of mankind to eat of the Halal things.

36. The following food products are considered Halal:

    a.    Milk (from cows, sheep, camels, and goats);

    b.    Honey;

    c.    Fish;

    d.    Plants which are not intoxicant;

    e.    Fresh or naturally frozen vegetables;

    f.    Fresh or dried fruits;

    g.    Legumes and nuts like peanuts, cashew nuts, hazel nuts, walnuts, etc.; and

      h.      Grains such as wheat, rice, rye, barley, oat, etc.

37. Animals such as cows, sheep, goats, deer, moose, chickens, ducks, game birds, etc., are also Halal, but they must be Zabihah (slaughtered according to Islamic Rites) in order to be suitable for consumption.

38. The Department of Corrections provides three different meal plans for its prisoners: the Regular menu, the Alternate entree, and the Therapeutic diet. None of these diets is Halal.

39. The Department of Corrections accommodates the religious needs of some prisoners by providing special meals for inmates "whose religions require a pork-free, lacto-ovo, or lacto-vegetarian diet" and a "vegan (strict vegetarian) diet for those inmates whose religious requirements exclude all animal products." Rule 33-204.003(5), Florida Administrative Code.

40. None of the diets provided by the Department of Corrections is Halal.

41. The Department of Corrections provides a Kosher meal plan.

42. The plan, which is restricted to Jewish inmates, is not offered at the New River Correctional Institution.

43. Plaintiffs were willing to accept, as a temporary alternative diet, a Kosher diet because of the similarities of the Kosher diet to the Halal diet. A Kosher diet includes all non-animal products, such as fruits and vegetables, meat from animals that chew the cud and have cloven hooves (e.g., cows and sheep), certain types of poultry (e.g., chicken, turkey, and duck), and fish that have fins and scales. Dairy products are permitted, but meat and dairy may not be mixed together. Like Halal meats, Kosher meats must be slaughtered in a specific manner.

44. Halal food can be made available to Muslim believers in institutional environments through several possible means, including, but not limited to the following: (1) preparing food on

site with proper kitchen facilities under the direction of a qualified Halal food supervisor; (2) obtaining pre-packaged meals from Halal food vendors around the country (e.g., sealed airline dinners or shelf stable packaging); or (3) obtaining acceptable Halal products through wholesale or retail outlets.

45. Although the Department of Corrections accommodates the dietary needs of Jewish and other inmates, it does not accommodate the dietary needs of Muslim inmates.

### Count I

### Violation of the Religious Land Use and Institutionalized Persons Act of 2000

46. Plaintiffs repeat and reallege Paragraphs 1 through 45 as if fully set forth herein.

47. The established policy, practice and custom of the Florida Department of Corrections prevents the Plaintiffs from adhering to a fundamental tenet of their faith and interferes with the Plaintiffs' right to the free exercise of his religious beliefs.

48. The Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1.(a), provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

49. Refusing to serve Halal meals does not further a compelling governmental interest.

50. That refusing to serve Halal meals does not further a compelling governmental interest is evident from the fact that the Federal Bureau of Prisons, some other state prison systems, and

some county jails, all serve Halal meals and Defendant Secretary serves Kosher meals to Jewish inmates.

51. Defendants have deprived and continue to deprive Plaintiffs of their right to the free exercise of religion, as secured by the Religious Land Use and Institutionalized Persons Act of 2000, by unlawfully imposing a substantial burden on Plaintiffs' religious exercise.

52. The substantial burden Defendants have imposed on Plaintiffs' religious exercise is imposed in a program or activity that receives federal financial assistance.

53. The substantial burden Defendants have imposed on Plaintiffs' religious exercise effects, or removal of that substantial burden would affect, commerce with foreign nations, among the several states, or with Indian tribes.

## Count II

### Violation of the Free Exercise of Religion

54. Plaintiffs repeat and realleges Paragraphs 1 through 45 as if fully set forth herein.

55. Defendants have deprived and continue to deprive Plaintiffs of their free exercise of religion, as secured by the First Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment, by discriminating against Plaintiffs because of their religion and by substantially burdening their free exercise of religion.

## Count III

### Violation of the Establishment Clause

56. Plaintiffs repeat and realleges Paragraphs 1 through 45 as if fully set forth herein.

57. Defendants violate, and continue to violate, the Establishment Clause of the First Amendment to the United States Constitution, made applicable to the States by the Fourteenth

Amendment, by providing for the dietary requirements of one of the world's major religions while refusing to provide for the dietary requirements of another of the world's major religions despite the similarly in dietary requirements.

## Count IV

## Violation of the Equal Protection of the Laws

58. Plaintiffs repeat and realleges Paragraphs 1 through 45 as if fully set forth herein.

59. Defendants have deprived and continues to deprive Plaintiffs of their right to equal protection of the laws. as secured by the Fourteenth Amendment to the United States Constitution, by treating prisoners with similar dietary requirements differently depending solely on the religious affiliation of the prisoner.

## Request For Relief

WHEREFORE Plaintiffs respectfully requests that this Court grant the following relief:

(a) Certify this action as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

(b) Declare that Rule 33-204.003(5), Florida Administrative Code. violates the First and Fourteenth Amendments to the Constitution of the United States and the Religious Land Use and Institutionalized Persons Act of 2000.

(c) Enter preliminary and permanent injunctions requiring Defendants to provide Plaintiffs and similarly situated Muslim prisoners with a nutritionally-sufficient Halal diet or, in the alternative, a Kosher diet, as provided to Jewish inmates;

(d) Declare that Defendants' failure to provide Plaintiffs with a nutritionally sufficient Halal diet or, in the alternative, a Kosher diet, as provided to Jewish inmates; violates the Religious Land

Use and Institutionalized Persons Act of 2000, the Free Exercise and Establishment Clauses of the First Amendment, and the Equal Protection Clause of the United States Constitution.

(e) Award Plaintiffs full costs and attorneys' fees arising out of this litigation, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000cc, *et seq.*; and

(f) Such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

FLORIDA JUSTICE INSTITUTE, INC.

Randall C. Berg, Jr., Esq.
Fla. Bar No. 318371
Peter M. Siegel, Esq.
Fla. Bar No. 227862

4320 International Place
100 South East Second Street
Miami, Florida 33131-2309
305-358-2081
305-358-0910 fax
Email: rcberg@bellsouth.net

CARLTON FIELDS, P.A.

John A. Camp, Esq.
Florida Bar No. 848115
4000 International Place
100 South East Second Street
Miami, FL 33131-9101
305-539-7228
305-530-0055 fax
Email: jcamp@carltonfields.com

Attorneys for the Plaintiffs

By: Randall C. Berg, Jr., Esq.
Florida Bar No. 318371
Trial Counsel